IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § | |

## MITCHELL HENNESSEY'S JOINDER TO
## MOTION TO EXCLUDE EXTRANEOUS EPISODES

Mitchell Hennessey, joined by defendants Constantinescu, Matlock, Deel, Hrvatin, and Cooperman, respectfully files this joinder to Mr. Rybarczyk's Motion to Exclude Extraneous Episodes (ECF 408) and requests that the Court limit the government's presentation of evidence at trial to evidence pertaining to the 19 securities fraud counts in the superseding indictment.[1]

The government states that it intends to introduce evidence at trial regarding the 19 securities fraud counts in the superseding indictment plus an additional 24 stock/time-frame combinations ("Episodes") referenced in government exhibits 22 through 45. The government then "reserves the right to put before the jury additional episodes based on the trial evidence and arguments made . . . ." *See* ECF 377 at 7. The Court should not allow the government to present evidence regarding these additional 24 Episodes or any other "additional episodes" because doing so would unnecessarily lengthen what is already going to be a very long trial.

**Counts 2 – 20:** The government exhibits for Counts 2 through 20 include allegations that go significantly beyond the allegations in superseding indictment. The government's expansion

---

[1] To the extent that the continuance has rendered Mr. Rybarczyk's Motion moot, Mr. Hennessey respectfully requests that the Court construe this joinder as a separate motion to exclude the extraneous episodes.

MR. HENNESSEY'S JOINDER TO MOTION TO
EXCLUDE EXTRANEOUS EPISODES – PAGE 1

beyond the superseding indictment includes an expansion of: (1) the number of defendants allegedly involved in each count; and (2) the time frame of the alleged conduct.

*First*, the government exhibits make clear that the government intends to allege at trial that more defendants than those named in a count participated in the fraud alleged in the count. For example, Count 2 names only one defendant, but the government's exhibits for Count 2 include trading and social media posts for five of the trial defendants. Similarly, Count 4 names only one defendant, yet the government's exhibits for Count 4 include trading data and social media posts for all seven trial defendants. Below is a chart comparing the number of defendants named in each count to the number of defendants whose conduct is included in the government's exhibits.

| Counts/Government Exhibits 2 – 20 | | | | |
|---|---|---|---|---|
| Count/ Gov't Ex. | Stock | Trial Defendants Allegedly Involved | | Difference |
| | | Superseding Indictment | Government Exhibits | |
| 2 | ONTX | 1 | 5 | +4 |
| 3 | SXTC | 3 | 3 | --- |
| 4 | CBAT | 1 | 7 | +6 |
| 5 | TRCH | 3 | 7 | +4 |
| 6 | VISL | 0 | 6 | +6 |
| 7 | GTT | 2 | 5 | +3 |
| 8 | RGLS | 1 | 5 | +4 |
| 9 | RGLS | 1 | 5 | +4 |
| 10 | SURF | 4 | 4 | --- |
| 11 | ALZN | 3 | 7 | +4 |
| 12 | UPC | 3 | 4 | +1 |
| 13 | ABVC | 1 | 2 | +1 |
| 14 | CEI | 2 | 7 | +5 |
| 15 | DATS | 2 | 7 | +5 |
| 16 | NAKD | 3 | 6 | +3 |
| 17 | EZFL | 3 | 6 | +3 |
| 18 | MYSZ | 1 | 7 | +6 |
| 19 | PIXY | 1 | 4 | +3 |
| 20 | BBI | 1 | 6 | +5 |

**MR. HENNESSEY'S JOINDER TO MOTION TO**
**EXCLUDE EXTRANEOUS EPISODES – PAGE 2**

*Second*, the government's exhibits cover time frames beyond the time frames listed in the superseding indictment. For example, Count 6 charges conduct in "March 2021," but the government's exhibits go back to February 4, 2021. Likewise, Count 14 charges conduct in "September through October 2021," but the government's exhibits cover the time period August 2 through November 3, 2021.

The chart below shows the time frame and number of days allegedly pertaining to each count according to the government's exhibits.

| Counts/Government Exhibits 2 – 20 | | | |
|---|---|---|---|
| Count/ Gov't Ex. | Stock | Time Frame | Days |
| 2 | ONTX | July 1 – Aug. 31, 2020 | 62 |
| 3 | SXTC | Sept. 10 – Sept. 21, 2020 | 12 |
| 4 | CBAT | Jan. 4 – Feb. 26, 2021 | 54 |
| 5 | TRCH | Feb. 8 – Mar. 4, 2021 | 25 |
| 6 | VISL | Feb. 4 – Mar. 30, 2021 | 55 |
| 7 | GTT | Feb. 24 – Mar. 17, 2021 | 22 |
| 8 | RGLS | Mar. 4 – Mar. 29, 2021 | 26 |
| 9 | RGLS | June 1 – June 30, 2021 | 30 |
| 10 | SURF | May 5 – June 15, 2021 | 42 |
| 11 | ALZN | June 15 – July 23, 2021 | 39 |
| 12 | UPC | July 19 – July 28, 2021 | 10 |
| 13 | ABVC | Aug. 3 – Aug. 17, 2021 | 15 |
| 14 | CEI | Aug. 2 – Nov. 30, 2021 | 121 |
| 15 | DATS | Aug. 13 – Dec. 3, 2021 | 113 |
| 16 | NAKD | Sept. 3 – Oct. 29, 2021 | 57 |
| 17 | EZFL | Sept. 15 – Oct. 26, 2021 | 42 |
| 18 | MYSZ | Oct. 7 – Nov. 30, 2021 | 55 |
| 19 | PIXY | Mar. 25 – Apr. 13, 2022 | 20 |
| 20 | BBI | Apr. 11 – Apr. 25, 2022 | 15 |
| | | **Total** | **815 Days** |

**Government Exhibits 22 – 45**: The government states that it intends to introduce evidence at trial related to an additional 24 Episodes referenced in the Government Exhibits 22 through 45.

**MR. HENNESSEY'S JOINDER TO MOTION TO**
**EXCLUDE EXTRANEOUS EPISODES – PAGE 3**

*See* ECF 377 at 7. These additional government exhibits include time frames that comprise a combined total of 578 days and involve multiple trial defendants as demonstrated in the chart below.

| Government Exhibits 22 – 45 | | | | |
|---|---|---|---|---|
| Gov't Ex. | Stock | Time Frame | Days | Trial Defendants Allegedly Involved |
| 22 | AEMD | Sept. 15 – Oct. 5, 2021 | 21 | 3 |
| 23 | AERC | Mar. 15 – Mar. 22, 2022 | 8 | 2 |
| 24 | AIHS | Sept. 16 – Sept. 30, 2021 | 15 | 3 |
| 25 | AREC | Oct. 2 – Oct. 30, 2020 | 29 | 5 |
| 26 | BAOS | Apr. 13 – May 2, 2022 | 20 | 5 |
| 27 | BBLG | Jan. 4 – Jan. 28, 2022 | 25 | 3 |
| 28 | CNTX | Oct. 20 – Dec. 21, 2021 | 63 | 7 |
| 29 | FCEL | Oct. 4 – Oct. 22, 2021 | 19 | 6 |
| 30 | HCWB | Oct. 15 – Oct. 22, 2021 | 8 | 4 |
| 31 | METX | Oct. 12 – Dec. 6, 2021 | 56 | 6 |
| 32 | MFH | Mar. 18 – Mar. 24, 2021 | 7 | 5 |
| 33 | MITQ | July 22 – Aug. 4, 2021 | 14 | 3 |
| 34 | ONTX | Feb. 1 – Mar. 19, 2021 | 47 | 6 |
| 35 | SFET | Aug. 3 – Aug. 17, 2021 | 15 | 3 |
| 36 | SNOA | Apr. 26 – May 6, 2021 | 11 | 4 |
| 37 | STAF | June 21 – Aug. 3, 2021 | 44 | 5 |
| 38 | SUPV | Jan. 29 – Mar. 9, 2021 | 40 | 4 |
| 39 | SURG | Nov. 8 – Nov. 12, 2021 | 5 | 5 |
| 40 | SXTC | July 13 – July 27, 2021 | 15 | 5 |
| 41 | VRPX | June 30 – July 23, 2021 | 24 | 5 |
| 42 | VTVT | July 13 – Aug. 25, 2020 | 44 | 4 |
| 43 | XRTX | Nov. 1 – Nov. 12, 2021 | 12 | 7 |
| 44 | YVR | Aug. 26 – Sept. 14, 2021 | 20 | 3 |
| 45 | ZSAN | Mar. 21 – Apr. 5, 2022 | 16 | 3 |
| | | Total | 578 Days | |

The Court should limit the government's presentation of evidence to the 19 securities fraud counts alleged in the superseding incitement to avoid unnecessarily lengthening the trial. Not only will counsel for each of the defendants listed in the government's exhibits need to cross examine

the government's witnesses, but each defendant will also likely call an expert and possibly other witnesses to rebut the government's exhibits. A trial on the 21 counts in the superseding indictment, with seven defendants at trial, will already be a very lengthy trial. Adding 24 stocks with a combined time frame of 578 days would likely extend the trial by at least a month and result in cumulative and duplicative presentation of evidence.

Mr. Hennessey, therefore, respectfully requests that the Court limit the government's presentation of evidence at trial to evidence pertaining to the 19 securities fraud counts in the superseding indictment.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 11, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

                                           */s/ Laura M. Kidd Cordova*
                                           Laura M. Kidd Cordova