# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU,** *et al.* | § | **The Honorable Andrew S. Hanen** |
| | § | |
| **Defendants.** | § | |
| | § | |

## United States' Proposed Jury Instructions

The United States of America, by and through its undersigned counsel, files the following proposed jury instructions. All instructions are from the Fifth Circuit Pattern Jury Instructions (Criminal Cases) (2019 ed.) unless otherwise noted.

Dated: March 11, 2024

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division, Department of Justice

By:    */s/ John J. Liolos*
Scott Armstrong, Assistant Chief
John J. Liolos, Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005
Tel.: (202) 768-2246

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By:     */s/ Thomas Carter*
       Thomas H. Carter
       Assistant United States Attorney
       State Bar No.: TX24048387
       1000 Louisiana Street, 25th Floor
       Houston, Texas 77002
       Tel.: (713) 567-9470

**<u>Certificate of Service</u>**

I hereby certify that on March 11, 2024, I will cause the following proposed Jury Instructions to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.


*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

**Proposed Instruction No. 1**

**Preliminary Instructions[1]**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury:***

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.  Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

    1.      Statements, arguments, and questions by lawyers are not evidence.

---

[1] Fifth Cir. Pattern Jury Instrs. § 1.01.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendants are presumed innocent until proven guilty. The superseding indictment brought by the government against the defendants is only an accusation, nothing more. It is not proof of guilt or anything else. The defendants therefore start out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendants have no burden to prove their innocence, or to present any evidence, or to testify. Since the defendants have the right to remain silent, the law prohibits you from arriving at your verdict by considering that either defendant may not have testified.

*Third*: the government must prove each defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

### *Summary of applicable law:*

In this case, the defendants, Edward Constantinescu, Perry "PJ" Matlock, John Rybarczyk, Mitchell Hennessey, Stefan Hrvatin, Tom Cooperman, and Gary Deel, are charged with the following: in Count One, conspiring to commit securities fraud, in violation of Title 18, United States Code, Section 1349; and in Counts Two through Twenty, various Defendants are each charged with securities fraud, in violation of Title 18, United States Code, Section 1348. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove to make its case.

### Count One: Conspiracy to Commit Securities Fraud, 18 U.S.C. § 1349

*First:* That two or more persons made an agreement to commit the crime of securities fraud;

*Second:* The defendants knew of the unlawful purpose of the agreement; and

*Third:*  That the defendants joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

### Counts Two through Twenty: Securities Fraud, 18 U.S.C. § 1348

There are two sections to Section 1348. The Government need only prove the defendants violated one of the two sections.

Under the first section, Section 1348(1), the government must prove:

*First*: that the defendants executed or attempted to execute a scheme or artifice to defraud any person;

*Second*: that the scheme to defraud was in connection with any security of an issuer with a class of securities registered under the Securities Exchange Act [15 U.S.C. § 78l] or that is required to file reports under the Securities Exchange Act [15 U.S.C. § 780(d)]; and

*Third*: that the defendants did so knowingly and with intent to defraud.

Under the second section, Section 1348(2), the government must prove:

*First*: that the defendants executed or attempted to execute a scheme or artifice to obtain any money or property by means of false or fraudulent pretenses, representations, or promises which were material;

*Second*: that the scheme was in connection with the purchase or sale of any security of an issuer with a class of securities registered under the Securities Exchange Act [15 U.S.C. § 78l] or that is required to file reports under the Securities Exchange Act [15 U.S.C. § 780(d)]; and

*Third*: that the defendants did so knowingly and with intent to defraud.

**Conduct of the jury:**

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through

Twitter (X), Discord,[2] e-mail, Blackberry, iPhone, text messaging, or on Snapchat, or through any blog or website, including Facebook, Google+, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

***Course of the trial:***

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendants' attorneys may, but do not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendants may cross-examine them.  Following the government's case, each defendant may, if he or she wishes, present witnesses whom the government may cross-examine. If any defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

---

[2] This sentence is modified from the Pattern to respond to unique circumstances in this case.

**Proposed Instruction No. 2**

**Note Taking By Jurors (Alternative B)[3]**

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

---

[3] Fifth Cir. Pattern Jury Instrs. § 1.02.

**Proposed Instruction No. 3**

**Introduction to Final Instructions[4]**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

---

[4] Fifth Circuit Pattern Jury Instrs. § 1.03.

**Proposed Instruction No. 4**

**Duty to Follow Instructions[5]**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

---

[5] Fifth Circuit Pattern Jury Instrs. § 1.04.

**Proposed Instruction No. 5**

**Presumption Of Innocence, Burden Of Proof, Reasonable Doubt[6]**

The superseding indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendants are presumed by the law to be innocent. The defendants begin with a clean slate. The law does not require a defendant to prove his or her innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

---

[6] Fifth Circuit Pattern Jury Instrs. § 1.05.

**Proposed Instruction No. 6**

**Evidence: Excluding What Is Not Evidence[7]**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

---

[7] Fifth Circuit Pattern Jury Instrs. § 1.06.

## Proposed Instruction No. 7

### Evidence – Inferences – Direct & Circumstantial (Alternative B)[8]

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

---

[8] Fifth Circuit Pattern Jury Instrs. § 1.08.

## Proposed Instruction No. 8

## Credibility of Witnesses[9]

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant(s)] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant(s) should be weighed, and his [their] credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.

---

[9] Fifth Circuit Pattern Jury Instrs. § 1.09.

Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Proposed Instruction No. 9**

**Accomplice – Co-Conspirator – Plea Agreement[10]**

In this case, the government called as witnesses certain alleged accomplices or co-conspirators with whom the government has entered into plea agreements. These plea agreements provide for the possibility of certain benefits for these individuals, including the dismissal of some charges and non-binding recommendations for favorable sentences. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

---

[10] Fifth Circuit Pattern Jury Instrs. § 1.16. Altered to reflect testimony by alleged co-conspirators rather than "co-defendants."

**Proposed Instruction 10**

**[Character Evidence][11]**

[Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.]

---

[11] Fifth Circuit Pattern Jury Instrs. § 1.10.

**Proposed Instruction No. 11**

**Expert Opinion Testimony[12]**

During the trial you heard the testimony of (an) expert witness(es) who expressed opinions concerning [stock trading]. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

---

[12] Fifth Circuit Pattern Jury Instrs. § 1.18.

**Proposed Instruction No. 12**

**Impeachment by Prior Inconsistencies[13]**

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

---

[13] Fifth Circuit Pattern Jury Instrs. § 1.11.

**Proposed Instruction No. 13**

**In Or Around, On Or About, Or Approximately[14]**

You will note that the superseding indictment charges that the offenses were committed on or about a specified dates or ranges of dates. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendants committed the crimes on a date reasonably near the dates stated in the superseding indictment.

You will note also that the superseding indictment charges various dollar amounts as approximate. As with dates, the government does not have to prove with exact certainty any dollar amount alleged in the superseding indictment.

---

[14] Modified from Fifth Circuit Pattern Jury Instrs. § 1.19 to reflect multiple offenses charged in the Superseding Indictment. The United States includes this instruction only in an abundance of caution, as it understands this Court's general practice is not to send the indictment back with the jury.

**Proposed Instruction No. 14**

**Caution – Consider Only The Crime Charged[15]**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or offense not alleged in the superseding indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

---

[15] Fifth Circuit Pattern Jury Instrs. § 1.21.

**Proposed Instruction No. 15**

**Caution – Punishment[16]**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

---

[16] Fifth Circuit Pattern Jury Instrs. § 1.22.

**Proposed Instruction No. 16**

**Multiple Defendants – Multiple Counts[17]**

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

---

[17] Fifth Circuit Pattern Jury Instrs. § 1.25.

**Proposed Instruction No. 17**

**Similar Acts[18]**

You have heard evidence of acts of the defendants which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendants committed the acts charged in the superseding indictment.  However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the superseding indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the superseding indictment;

**or**

Whether the defendant had a motive or the opportunity to commit the acts charged in the superseding indictment;

**or**

Whether the defendant acted according to a plan or in preparation for commission of a crime;

**or**

Whether the defendant committed the acts for which he or she is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

---

[18] Fifth Circuit Pattern Jury Instrs. § 1.32.

**Proposed Instruction No. 18**

**Summaries and Charts Not Received Into Evidence[19]**

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

---

[19] Fifth Circuit Pattern Jury Instrs. § 1.50.

**Proposed Instruction No. 19**

**Summaries and Charts Received Into Evidence Pursuant to Federal Rule of Evidence 1006[20]**

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

---

[20] Fifth Circuit Pattern Jury Instrs. § 1.51.

**Proposed Instruction No. 20**

**Cautionary Instruction During Trial – Transcript of Tape-Recorded Conversation[21]**

Several exhibits have been identified as typewritten transcripts of the oral conversation which can be heard on the tape recordings received in evidence.  The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

---

[21] Fifth Circuit Pattern Jury Instrs. § 1.48.

**Proposed Instruction No. 21**

**Count One: Conspiracy to Commit Securities Fraud, 18 U.S.C. § 1349**[22]

Title 18, United States Code, section 1349 makes it a federal crime for anyone to conspire or agree with someone to do something which, if actually carried out, would be a violation of Title 18, United States Code, section 1348, securities fraud.

The defendants are charged with conspiring to commit securities fraud. A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: That two or more persons made an agreement to commit the crime of securities fraud, which I will explain to you in a moment;

*Second*: The defendants knew of the unlawful purpose of the agreement; and

*Third*: That the defendants joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all of the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of the plan or scheme and knowingly and intentionally joins in that plan or

---

[22] Modified from *United States v. Comstock*, 974 F.3d 551, 557 (5th Cir. 2020); Fifth Cir. Pattern Jury Instrs. § 2.15; Eleventh Cir. Crim. Pattern Jury Instrs. O54 (18 U.S.C. § 1349) (2022 ed.).

scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant only played a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, not that they directly stated between themselves all of the details of the scheme; an agreement between coconspirators may be silent and need not be spoken. Similarly, the Government need not prove that all of the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been, members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has knowledge of a conspiracy, but who happens act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

**Proposed Instruction No. 22**

**"Willfully"—To Act[23]**

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. The Government must prove that the defendant acted with knowledge that his conduct was unlawful. The Government is not required to prove that a defendant knew the specific law they were violating, merely that the defendant knew their actions were unlawful.

---

[23] Fifth Circuit Pattern Jury Instrs. § 1.43.

**Proposed Instruction No. 23**

**Conspirator's Liability for Substantive Count[24]**

A conspirator is responsible for offenses committed by another [other] conspirator[s] if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found the defendant guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, another [other] conspirator[s] committed the offense[s] in Count[s] Two through Twenty both in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Count[s] Two through Twenty, even though the defendant may not have participated in any of the acts which constitute the offense(s) described in Count[s] Two through Twenty.

---

[24] Fifth Cir. Pattern Jury Instrs. § 2.17.

## Proposed Instruction No. 24

## Securities Fraud, 18 U.S.C. § 1348[25]

Title 18, United States Code, Section 1348 makes it a crime to execute, or attempt to execute, a scheme to defraud in connection with a security. There are two ways to violate the statute. The Government need only prove a defendant violated the statute in either one or both of the ways.[26] But, for you to find a defendant guilty, the Government must prove each element of that sub-section beyond a reasonable doubt.

Under the first sub-section of Section 1348(1) or the first way to commit securities fraud, the government must prove:

> *First*: that the defendants executed or attempted to execute a scheme or artifice to defraud any person;

> *Second*: that the scheme to defraud was in connection with any security of an issuer with a class of securities registered under the Securities Exchange Act [15 U.S.C. § 78l] or that is required to file reports under the Securities Exchange Act [15 U.S.C. § 78o(d)]; and

> *Third*: that the defendants did so knowingly and with intent to defraud.

---

[25] Modified from Pattern Jury Instrs. for Federal Crim. Cases, District of South Carolina, "18 U.S.C. § 1348, Securities and Commodities Fraud," pp. 276–79 (2024 ed.); Fifth Cir. Pattern Jury Instrs. § 2.56 (mail fraud); § 2.57 (wire fraud); § 2.58 (bank fraud); § 2.59 (health care fraud); and related cases cited hereinafter.

[26] *E.g.*, *United States v. Hatfield*, 724 F. Supp. 2d 321, 324 (E.D.N.Y. 2010) ("The Government need only prove one of § 1348's two subsection.").

Under the second sub-section of Section 1348(2) or the second way to commit securities fraud, the government must prove:

*First*: that the defendants executed or attempted to execute a scheme or artifice to obtain any money or property by means of false or fraudulent pretenses, representations, or promises which were material;

*Second*: that the scheme was in connection with the purchase or sale of any security of an issuer with a class of securities registered under the Securities Exchange Act [15 U.S.C. § 78l] or that is required to file reports under the Securities Exchange Act [15 U.S.C. § 780(d)]; and

*Third*: that the defendants did so knowingly and with intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A representation, pretense, or promise is a "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. The Government can prove materiality in either of two ways. First, a representation, statement, pretense, or promise is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question. Second,

a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know his victim was likely to rely on it.

In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.[27]

It is not necessary that the Government prove all of the details alleged in the superseding indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the superseding indictment.

The alleged scheme need not actually succeed in defrauding anyone. The statute prohibits a scheme to defraud rather than the completed fraud.[28] The government does not have to prove that anyone actually relied on the false representations.[29] Nor does the government have to prove that a victim actually suffered any damages.[30]

The Government need not establish Defendant intended to defraud specific victims.[31]

---

[27] Fifth Circuit Pattern Jury Instrs. § 1.40.

[28] *E.g.*, *United States v. Hoffman*, 901 F.3d 523, 540 (5th Cir. 2018) ("[W]hat is unlawful is engaged in the scheme to defraud, even if it turns out to 'be absolutely ineffective.'" (quoting *Durland v. United States*, 161 U.S. 306, 315 (1896)); Pattern Jury Instrs. D.S.C. pp. 278–79 (§ 1348).

[29] *Neder v. United States*, 527 U.S. 1, 24–25 (1999) ("The common-law requirements of 'justifiable reliance' and 'damages,' . . . plainly have no place in the federal fraud statutes. . . . By prohibiting the 'scheme to defraud,' rather than the completed fraud, the elements of reliance and damage would clearly be inconsistent with the statutes Congress enacted." (citations omitted)).

[30] *Id.*

[31] *E.g.*, *United States v. Tum*, 707 F.3d 68, 75–76, n.6 (1st Cir. 2013) ("Critically, one of our mail-fraud cases flatly rejected the idea that the government is obliged to prove that the defrauders intended to defraud a specific victim, reasoning that the mail-fraud act requires only that there be a scheme to defraud. We see no reason for a different result in wire-fraud cases." (cleaned up) (collecting cases including *United States v. Hatch*, 926 F.2d 387, 392 (5th Cir. 1991))); *see also United States v. Emor*, 785 F.3d 671, 682 (D.C. Cur. 2015) ("[T]he government is not required to establish the identity of a specific victim in order

A defendant's belief that the victim of the fraud will be paid in the future or will ultimately sustain no economic loss is no defense to the crime charged in the indictment.[32]

---

to prove wire fraud, as the nine circuits to consider the question have uniformly held." (citations omitted) (Wilkins, J., concurring)).

[32] *E.g.*, *United States v. Leonard*, 529 F.3d 83, 91 (2d Cir. 2008) ("No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations . . . ."); *United States v. Dunn*, 961 F.2d 648, 650 (7th Cir. 1992) (where defendant fraudulently obtained funds from investors, approving use of jury trial stating: "[i]f you find that the Defendant acted with an intent to defraud, then it is no defense that the Defendant believed that [the investment] would eventually succeed"); *see also United States v. Greenlaw*, 84 F.4th 325, 340 (5th Cir. 2023).

**Proposed Instruction No. 25**

**Aiding and Abetting (Agency) 18 U.S.C. § 2[33]**

The superseding indictment alleges that certain defendants aided and abetted the offenses charged in Counts Two through Twenty. The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him or her through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant, or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself or herself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some

---

[33] Fifth Circuit Pattern Jury Instrs. § 2.04.

person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of securities fraud was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

**Proposed Instruction No. 26**

**"Knowingly"—To Act[34]**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

---

[34] Fifth Circuit Pattern Jury Instrs. § 1.41.

**Proposed Instruction No. 27**

**Unanimity of Theory[35]**

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count One (Conspiracy) and Counts Two through Twenty (Securities Fraud).

Counts One of the superseding indictment charges the defendants of conspiring to the crime of securities fraud in two different ways. These ways are the two charged sub-sections under Section 1348(1) and (2), as described to you on pages 33 and 34 on instruction number 27. Counts Two through Twenty of the superseding indictment similarly charge the defendants of committing securities fraud in these two different ways.

The Government does not have to prove each of these ways for you to return a guilty verdict as to Count One or Counts Two through Twenty.

As to Count One, all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to commit securities fraud as charged under Section 1348(1); or, all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to commit securities fraud as charged under Section 1348(2); or, all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to violate both sub-sections.

The same is true for Counts Two through Twenty. As to each defendant in each count, all of you must agree that the government proved beyond a reasonable doubt that the defendant committed securities fraud as charged under Section 1348(1); or, all of you must agree that the government proved beyond a reasonable doubt that the defendant committed securities fraud as

---

[35] Fifth Circuit Pattern Jury Instrs. § 1.27.

charged under Section 1348(2); or, all of you must agree that the government proved beyond a reasonable doubt that the defendant committed securities fraud in both ways.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **Criminal No. 22-CR-612** |
| **v.** | § | |
| | § | **Andrew S. Hanen** |
| **EDWARD CONSTANTINESCU,** | § | Judge |
| **PERRY "PJ" MATLOCK,** | § | |
| **JOHN RYBARCZYK,** | § | **Rhonda Hawkins** |
| **GARY DEEL,** | § | Case Manager |
| **STEFAN HRVATIN,** | § | |
| **TOM COOPERMAN,** | § | **JURY TRIAL** |
| **MITCHELL HENNESSEY,** and | § | Proceeding |
| **DANIEL KNIGHT,** | § | |
| | § | |
| **Defendants.** | § | |

**VERDICT OF THE JURY**

We, the Jury, unanimously find the defendant, **EDWARD CONSTANTINESCU**:

Count One: Conspiracy to Commit Securities Fraud (18 U.S.C. § 1349)

    Count One:          _____ "Guilty" or "Not Guilty"

Counts Two, Fourteen, Fifteen, Eighteen, and Twenty: Securities Fraud (18 U.S.C. § 1348 and 2)

    Count Two ("ONTX"):      _____ "Guilty" or "Not Guilty"

    Count Fourteen ("CEI"):    _____ "Guilty" or "Not Guilty"

    Count Fifteen ("DATS"):    _____ "Guilty" or "Not Guilty"

    Count Eighteen ("MYSZ"):  _____ "Guilty" or "Not Guilty"

    Count Twenty ("BBI"):      _____ "Guilty" or "Not Guilty"

We, the Jury, unanimously find the defendant, **PERRY "PJ" MATLOCK**:

      Count One: Conspiracy to Commit Securities Fraud (18 U.S.C. § 1349)

            Count One:             _____ "Guilty" or "Not Guilty"

      Counts Three, Four, Five, Seven, Ten, and Eleven: Securities Fraud
      (18 U.S.C. § 1348 and 2)

            Count Three ("SXTC"):     _____ "Guilty" or "Not Guilty"

            Count Four ("CBAT"):      _____ "Guilty" or "Not Guilty"

            Count Five ("TRCH"):      _____ "Guilty" or "Not Guilty"

            Count Seven ("GTT"):      _____ "Guilty" or "Not Guilty"

            Count Ten ("SURF"):       _____ "Guilty" or "Not Guilty"

            Count Eleven ("ALZN"):    _____ "Guilty" or "Not Guilty"

We, the Jury, unanimously find the defendant, **JOHN RYBARCZYK**:

Count One: Conspiracy to Commit Securities Fraud (18 U.S.C. § 1349)

Count One:                    _____ "Guilty" or "Not Guilty"

Counts Three, Seven, Twelve, Thirteen, Sixteen, and Seventeen: Securities Fraud (18 U.S.C. § 1348 and 2)

Count Three ("SXTC"):        _____ "Guilty" or "Not Guilty"

Count Seven ("GTT"):         _____ "Guilty" or "Not Guilty"

Count Twelve ("UPC"):        _____ "Guilty" or "Not Guilty"

Count Thirteen ("ABVC"):     _____ "Guilty" or "Not Guilty"

Count Sixteen ("NAKD"):      _____ "Guilty" or "Not Guilty"

Count Seventeen ("EZFL"):    _____ "Guilty" or "Not Guilty"

We, the Jury, unanimously find the defendant, **GARY DEEL**:

    Count One: Conspiracy to Commit Securities Fraud (18 U.S.C. § 1349)

        Count One:             _____ "Guilty" or "Not Guilty"

    Counts Three, Five, Ten, Eleven, Twelve, Sixteen, and Seventeen: Securities
    Fraud (18 U.S.C. § 1348 and 2)

        Count Three ("SXTC"):     _____ "Guilty" or "Not Guilty"

        Count Five ("TRCH"):     _____ "Guilty" or "Not Guilty"

        Count Ten ("SURF"):      _____ "Guilty" or "Not Guilty"

        Count Eleven ("ALZN"):    _____ "Guilty" or "Not Guilty"

        Count Twelve ("UPC"):     _____ "Guilty" or "Not Guilty"

        Count Sixteen ("NAKD"):   _____ "Guilty" or "Not Guilty"

        Count Seventeen ("EZFL"):  _____ "Guilty" or "Not Guilty"

We, the Jury, unanimously find the defendant, **STEFAN HRVATIN**:

       Count One: Conspiracy to Commit Securities Fraud (18 U.S.C. § 1349)

              Count One:           _____ "Guilty" or "Not Guilty"

       Counts Fourteen and Fifteen: Securities Fraud (18 U.S.C. § 1348 and 2)

              Count Fourteen ("CEI"):    _____ "Guilty" or "Not Guilty"

              Count Fifteen ("DATS"):   _____ "Guilty" or "Not Guilty"

We, the Jury, unanimously find the defendant, **TOM COOPERMAN**:

Count One: Conspiracy to Commit Securities Fraud (18 U.S.C. § 1349)

Count One: _____ "Guilty" or "Not Guilty"

Counts Ten, Twelve, Sixteen, Seventeen, and Nineteen: Securities Fraud
(18 U.S.C. § 1348 and 2)

Count Ten ("SURF"): _____ "Guilty" or "Not Guilty"

Count Twelve ("UPC"): _____ "Guilty" or "Not Guilty"

Count Sixteen ("NAKD"): _____ "Guilty" or "Not Guilty"

Count Seventeen ("EZFL"): _____ "Guilty" or "Not Guilty"

Count Nineteen ("PIXY"): _____ "Guilty" or "Not Guilty"

We, the Jury, unanimously find the defendant, **MITCHELL HENNESSEY**:

Count One: Conspiracy to Commit Securities Fraud (18 U.S.C. § 1349)

Count One:                    _____ "Guilty" or "Not Guilty"

Counts Five, Eight, Nine, Ten, and Eleven: Securities Fraud (18 U.S.C. § 1348 and 2)

Count Five ("TRCH"):              _____ "Guilty" or "Not Guilty

Count Eight ("RGLS" March 2021):  _____ "Guilty" or "Not Guilty"

Count Nine ("RGLS" June 2021):    _____ "Guilty" or "Not Guilty"

Count Ten ("SURF"):               _____ "Guilty" or "Not Guilty"

Count Eleven ("ALZN"):            _____ "Guilty" or "Not Guilty"

**Dated: _____**          **Signed: _____**
                                           **Jury Foreperson**