IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **EDWARD CONSTANTINESCU, et al.,** <br> **Defendants.** | Case No. 22-CR-00612 |

United States Courts
Southern District of Texas
**FILED**
NOV - 3 2025
Nathan Ochsner, Clerk of Court

## Defendant's Response to Government's Motion for Status Conference and Motion to Stay Proceedings Pending Appellate Mandate

Defendant Perry "PJ" Matlock, pro se, respectfully responds to the Government's motion for status conference and moves for a stay of all district court proceedings in this case until the U.S. Court of Appeals for the Fifth Circuit issues its mandate for Matlock in the pending appeal, and in support states as follows:

### Status of the Appeal

This case was previously on appeal (Fifth Circuit No. 24-20143). On October 2, 2025, the Fifth Circuit panel issued an opinion reversing this Court's prior dismissal of the indictment. However, Defendant Matlock has filed petitions for

panel rehearing and rehearing *en banc*, which remain pending before the Fifth Circuit. As of today, the Fifth Circuit has not issued its mandate finalizing the disposition (FRAP 41(d)(1): timely petitions stay mandate until disposition). No mandate has been issued for Defendant Matlock because of his pending petitions, though it appears issued for co-defendants who did not file.

## Jurisdiction Issues Pending Mandate

It is well established that until the court of appeals issues its mandate, the case remains under appellate jurisdiction and the district court should not proceed on the matters involved in the appeal (*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982): mandate returns jurisdiction to district court). The mandate is the formal mechanism that returns jurisdiction to the district court (*U.S. v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)) . To ensure procedural propriety and avoid any potential conflict, before the mandate issues, the Fifth Circuit retains exclusive authority over the case, except for collateral or ministerial matters. In practical terms, this Court may wish to defer further action on the indictment or move toward trial until the appellate mandate is received. Any such action would risk conflicting with the appellate court's jurisdiction. Staying the proceedings will simply acknowledge this division of authority and prevent any inadvertent jurisdictional issues.

## Need for a Stay to Conserve Resources

A stay is also warranted in the interest of judicial economy and fairness. If the rehearing petitions are granted, the Fifth Circuit's disposition of this case could change (for example, the court might affirm the dismissal or alter the legal standards). It would be inefficient and prejudicial to require the parties and Court to gear up for trial or other substantive proceedings while the appeal's outcome remains uncertain. Courts often stay proceedings in the district court when an appellate ruling is pending that could significantly affect the case *U.S. v. Salerno* (Supreme Court, 481 U.S. 739, 1987, p. 745: "The issuance of the mandate formally marks the end of appellate jurisdiction"). Here, no mandate has issued, and the appellate judgment is not yet final, so a brief pause is both necessary and sensible.

## No Prejudice from a Brief Stay

Granting this motion will not prejudice the Government. The requested stay would last only until the Fifth Circuit issues its mandate (or otherwise finally disposes of the appeal). This is a temporary pause. In fact, it aligns with the procedural posture – the case cannot truly move forward until the mandate returns jurisdiction to this Court. The Government will not be harmed by waiting for that event. Conversely, denying a stay could force the defense to engage in motions or preparations that might be mooted or altered by forthcoming appellate action, wasting resources and potentially causing confusion.

## Conclusion

For the foregoing reasons, Defendant Matlock respectfully asks the Court to pause or stay proceedings until the Fifth Circuit's mandate is issued for Matlock as the mandate has been issued for all other defendants, except Matlock.

Date: October 31, 2025

Respectfully submitted,

By: _____
Perry "PJ" Matlock, Pro Se
74 N Lamerie Way
The Woodlands, Texas 77382
Telephone: (832) 346-7936
pjmatlock@protonmail.com

## CERTIFICATE OF SERVICE

I certify that on October 31, 2025, I served a copy of this Response to Motion for Status Conference and Motion to Stay Proceedings Pending Appellate Mandate, on the following by: Priority USPS, certified with return receipt requested:

United States Attorney's Office
Southern District of Texas
1000 Louisiana St., Suite 2300
Houston, TX 77002

Neal Davis Law Firm, PLLC
1545 Heights Blvd., Suite 700
Houston, TX 77008
(Counsel for Gary Deel)

Ford O'Brien Landy LLP
3700 Ranch Road 620 South, Suite B
Austin, TX 78738
(Counsel for Edward Constantinescu)

Mallett Law Firm
4306 Yoakum Blvd., Suite 400
Houston, TX 77006
(Counsel for Stefan Hrvatin)

Dynamis LLP
175 Federal Street, Suite 1200
Boston, MA 02110
(Counsel for John Rybarczyk)

Sina Zadeh Law Firm
713 Booth St.
Houston, TX 77009
(Counsel for Tom Cooperman)

Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, TX 77010
(Counsel for Mitchell Hennessey)

The Akers Firm, PLLC
3401 Allen Pkwy., Suite 101
Houston, TX 77019
(Counsel for Daniel Knight)

---

Perry "PJ" Matlock, Pro Se
74 N Lamerie Way
The Woodlands, Texas 77382
Telephone: 832-346-7936
Email: pjmatlock@protonmail.com
October 31, 2025

